# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STEVEN GILLMAN,** as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

Case No: 21-12762
Honorable Judge Mark A Goldsmith

        Plaintiff,

V

CITY OF TROY and JULIE GREEN-HERNANDEZ,

        Defendants.
_____/

| | |
|---|---|
| VEN R. JOHNSON (P39219) | LORI GRIGG BLUHM (P46908) |
| JEFFREY T. STEWART (P24138) | City Attorney |
| DAVID S. SHIENER (P78608) | JULIE QUINLAN DUFRANE (P59000) |
| JOHNSON LAW, PLC | Assistant City Attorney |
| Attorneys for Plaintiff | Attorneys for City of Troy |
| 535 Griswold, Suite 2632 | 500 W. Big Beaver Road |
| Detroit, MI 48226 | Troy, MI 48084 |
| (313) 32408300 | (248) 524-3320 |
| dshiener@venjohnsonlaw.com | j.dufrane@troymi.gov |

_____/

**DEFENDANT CITY OF TROY'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
<u>AND RELIANCE ON JURY DEMAND</u>**

    **NOW COMES** Defendant **CITY OF TROY**, by and through its attorney,

JULIE QUINLAN DUFRANE, Assistant City Attorney, for its Answer to

Plaintiff's Complaint states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The allegation contained in paragraph one does not pertain to Defendant City of Troy, therefore no answer is required of this Defendant.

2. The allegation contained in paragraph two does not pertain to Defendant City of Troy, therefore no answer is required of this Defendant, and Plaintiff is left to his proofs.

3. Defendant City of Troy admits that it is a municipal corporation duly organized under the laws of the State of Michigan.

4. The allegation contained in paragraph four does not pertain to Defendant City of Troy, therefore Defendant is not required to answer this allegation. To the extent that an answer is required, Defendant City of Troy admits that Defendant Green-Hernandez was employed by the City of Troy as a Police Service Aide at the time Plaintiff's cause of action occurred.

5. The allegation contained in paragraph five does not pertain to Defendant City of Troy, therefore Defendant is not required to answer this allegation.

6. Defendant City of Troy admits that jurisdiction is proper as alleged in paragraph six of Plaintiff's Complaint.

7. Defendant City of Troy admits that venue is proper as alleged in paragraph seven of Plaintiff's Complaint.

## COMMON ALLEGATIONS

8.     Defendant City of Troy reincorporates and re-alleges each paragraph set forth above as if fully set forth below.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Defendant City of Troy admits that the Deceased Miller advised Detective Shuler that she had recently used cocaine and heroin and might experience withdrawals. The City of Troy neither admits nor denies whether Miller was "under the influence of heroin and cocaine" as alleged in Plaintiff's Complaint because Defendant City of Troy lacks information or knowledge sufficient to form a belief as to that allegation.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Defendant City of Troy admits that the Deceased Miller was provided paper towel to clean the cell, but the remaining allegations contained in paragraph

nineteen are neither admitted nor denied because Defendant City of Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

    20.    Denied because the allegations as stated are untrue.

    21.    Denied because the allegations are untrue.

    22.    Denied because the allegations are untrue.

    23.    Admitted.

    24.    Denied because the allegations are untrue.

    25.    Defendant City of Troy neither admits nor denies the allegations contained in paragraph 25 because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

    26.    Denied because the allegations as stated are untrue.

    27.    Denied because the allegations as stated are untrue.

    28.    Defendant City of Troy admits that medical services were summoned for Miller upon recognizing that she was in medical distress.

    29.    Admitted.

    30.    Admitted.

    31.    Admitted.

    32.    Admitted.

33. Defendant City of Troy admits that one cause of death listed on the autopsy report is "fentanyl intoxication." The autopsy report also lists a contributing factor to Miller's cause of death as chronic obstructive pulmonary disease.

34. Defendant City of Troy admits that Miller was detained. The remaining allegations contained in paragraph 34 are neither admitted nor denied because Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation asserted. Defendant Troy further avers that the source of the fentanyl is unknown.

**COUNT I – DELIBERATE INDIFFERENCE VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDEMENTS OF THE UNITED STTES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT GREEN-HERNANDEZ**

35. Defendant City of Troy reincorporates and re-alleges each paragraph set forth above as if fully set forth below.

36. Defendant City of Troy neither admits nor denies the allegations contained in paragraph 36 because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37. The allegation contained in paragraph 37 is a legal conclusion, not a factual allegation, therefore no answer is required to be submitted by Defendant

Troy. Further, Defendant avers that the Eighth Amendment does not apply in the context of this case.

38. Defendant City of Troy neither admits nor denies the allegations contained in paragraph 38 because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39. Defendant City of Troy neither admits nor denies the allegations contained in paragraph 39 because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

40. The allegation contained in paragraph 40 is a legal conclusion, not a factual allegation, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 40 can be construed as factual allegation, Troy avers that its polices and procedures complied with standard jail protocols.

41. The allegation contained in paragraph 41 do not pertain to Defendant City of Troy, therefore no answer is required to be submitted by Troy. To the extent that the allegation in this paragraph can be construed to require an answer by Troy, Troy neither admits nor denies the allegations contained in paragraph 41 because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

42. The allegation contained in paragraph 42 does not pertain to Defendant City of Troy, therefore no answer is required to be submitted by Troy.

To the extent that the allegation in this paragraph can be construed to require an answer by Troy, Troy denies the allegation that Green-Hernandez failed to facilitate prompt medical attention. Troy neither admits nor denies the remaining allegations contained in paragraph 42, if any, because Troy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

43. The allegation contained in paragraph 43 is a legal conclusion, not a factual allegation, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 43 can be construed as a factual allegation, Troy denies the allegation because it is untrue.

44. The allegation contained in paragraph 44 is a legal conclusion, not a factual allegation, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 44 can be construed as a factual allegation, Troy denies the allegation because it is untrue.

45. The allegation contained in paragraph 45 is a legal conclusion, not a factual allegation, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 45 can be construed as factual allegation, Troy denies the allegation because it is untrue.

46. The allegations contained in paragraph 46 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted

by Defendant Troy. To the extent that paragraph 46, including all of its sub-parts a through i (a-i) can be construed as factual allegations, Troy denies these allegations because they are untrue.

47. The allegations contained in paragraph 47 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 47 can be construed as factual allegations, Troy denies these allegations because they are untrue.

48. The allegations contained in paragraph 48 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 48 can be construed as factual allegations, Troy denies these allegations because they are untrue.

WHEREFORE, Defendant City of Troy respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees wrongfully sustained in defense of this matter.

**COUNT II – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT TROY**

49. Defendant City of Troy reincorporates and re-alleges each paragraph set forth above as if fully set forth below.

50. The allegations contained in paragraph 50 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted

by Defendant Troy. To the extent that paragraph 50 can be construed as factual allegations, Troy denies these allegations because they are untrue.

51. The allegations contained in paragraph 51 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 51 can be construed as factual allegations, Troy denies these allegations because they are untrue.

52. The allegations contained in paragraph 52 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 52 can be construed as factual allegations, Troy denies these allegations because they are untrue.

53. The allegations contained in paragraph 53 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 53 can be construed as factual allegations, Troy denies these allegations because they are untrue.

54. The allegations contained in paragraph 54 constitute legal conclusions, not factual allegations, therefore no answer is required to be submitted by Defendant Troy. To the extent that paragraph 54 can be construed as factual allegations, Troy denies these allegations because they are untrue.

55. Denied because the allegations are untrue.

56. Denied because the allegations are untrue.

57. The allegations contained in paragraph 57, including all sub-parts a through k (a-k) are denied because the allegations are untrue.

58. Denied because the allegations are untrue.

59. The allegations contained in paragraph 59, including all sub-parts a through i (a-i) are denied because the allegations are untrue.

60. Denied because the allegations are untrue.

61. Denied because the allegations are untrue.

WHEREFORE, Defendant City of Troy respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees wrongfully sustained in defense of this matter.

## COUNT III – GROSS NEGLIGENCE – DEFENDANT GREEN-HERNANDEZ

62. Defendant City of Troy reincorporates and re-alleges each paragraph set forth above as if fully set forth below.

63. - 69. The allegations contained in paragraphs 63 through 69 do not pertain to Defendant City of Troy, therefore no answer is required of this Defendant. Further, under the laws of the State of Michigan, a government agency such as Defendant City of Troy is not liable for gross negligence because it is not an exception to the broad grant of immunity conferred by the Michigan legislature to government agencies. (*See* MCL 691.1401 and 691.1407).

70. The allegations contained in paragraph 70 including all of its sub-parts "a" through "i" (a-i) do not pertain to the City of Troy, therefore no answer is required of this Defendant.

WHEREFORE, Defendant City of Troy respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees wrongfully sustained in defense of this matter.

                    Respectfully submitted,

                    LORI GRIG BLUM
                    TROY CITY ATTORNEY

By:   s/Julie Quinlan Dufrane
        JULIE QUINLAN DUFRANE (P59000)
        Assistant City Attorney
        500 W. Big Beaver Road
        Troy, MI 48084
        (248) 524-3320
        j.dufrane@troymi.gov

Dated: December 22, 2021

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**STEVEN GILLMAN,** as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

Case No: 21-12762
Honorable Judge Mark A Goldsmith

       Plaintiff,

V

CITY OF TROY and JULIE GREEN-
HERNANDEZ,

       Defendants.
_____/

| | |
|---|---|
| VEN R. JOHNSON (P39219) | LORI GRIGG BLUHM (P46908) |
| JEFFREY T. STEWART (P24138) | City Attorney |
| DAVID S. SHIENER (P78608) | JULIE QUINLAN DUFRANE (P59000) |
| JOHNSON LAW, PLC | Assistant City Attorney |
| Attorneys for Plaintiff | Attorneys for City of Troy |
| 535 Griswold, Suite 2632 | 500 W. Big Beaver Road |
| Detroit, MI 48226 | Troy, MI 48084 |
| (313) 32408300 | (248) 524-3320 |
| dshiener@venjohnsonlaw.com | j.dufrane@troymi.gov |

_____/

**AFFIRMATIVE DEFENSES**

NOW COME, the Defendant CITY OF TROY by and through their attorneys, TROY CITY ATTORNEY'S OFFICE, and for its Affirmative Defenses state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The individual defendant is entitled to qualified immunity.

3. The Plaintiff's claims are barred by the doctrine of governmental immunity.

4. The Complaint fails to allege specific facts which identify personal involvement by the individual Troy Defendants.

5. Plaintiff's claims under 42 USC § 1983 are barred because any injury suffered by Plaintiff's decedent was not the result of a custom, policy or practice of the City of Troy.

6. Plaintiff's claims are barred for the reason that any alleged injury or damage was the result of Plaintiff's decedent's own intentional or unlawful conduct.

7. Plaintiff's injuries, if any, are due to the acts or omissions of persons or entities other than Defendant City of Troy or the individually named Troy Defendant.

8. Plaintiff's claim fails for lack of legal proximate cause.

9. Plaintiff's claim fails for lack of factual (cause in fact) proximate cause.

10. Ms. Miller was comparatively or contributorily negligent.

11. Some or all of the allegations are barred by the applicable statute of limitations.

12. Plaintiff has failed to mitigate his damages.

13. The City of Troy specifically incorporates herein by reference each and every affirmative defense pled by any Co-Defendant in this cause of action.

15. The City of Troy reserves the right to amend these Affirmative Defenses and rely upon additional affirmative defenses which may become known during the course of discovery, trial and/or otherwise.

                                CITY OF TROY – CITY ATTORNEY'S OFFICE
                                LORI GRIGG BLUHM (P46908)

            BY:   s/ Julie Quinlan Dufrane_____
                     JULIE QUINLAN DUFRANE (P59000)
                     Assistant City Attorney
                     Attorney for Defendant City of Troy
                     500 W. Big Beaver Road
                     Troy, MI 48084
                     (248) 524-3320
Dated: December 22, 2021   J.Dufrane@troymi.gov

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STEVEN GILLMAN,** as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

Case No: 21-12762
Honorable Judge Mark A Goldsmith

      Plaintiff,

v

CITY OF TROY and JULIE GREEN-HERNANDEZ,

      Defendants.
_____/

| | |
|---|---|
| VEN R. JOHNSON (P39219) | LORI GRIGG BLUHM (P46908) |
| JEFFREY T. STEWART (P24138) | City Attorney |
| DAVID S. SHIENER (P78608) | JULIE QUINLAN DUFRANE (P59000) |
| JOHNSON LAW, PLC | Assistant City Attorney |
| Attorneys for Plaintiff | Attorneys for City of Troy |
| 535 Griswold, Suite 2632 | 500 W. Big Beaver Road |
| Detroit, MI 48226 | Troy, MI 48084 |
| (313) 32408300 | (248) 524-3320 |
| dshiener@venjohnsonlaw.com | j.dufrane@troymi.gov |

_____/

## RELIANCE ON JURY DEMAND

Defendant CITY OF TROY by and through its attorneys, TROY CITY ATTORNEY'S OFFICE, rely upon the demand for trial filed by Plaintiff in the above-referenced matter.

Dated: December 22, 2021    BY:  s/ Julie Quinlan Dufrane (P59000)
                                                 Attorney for Defendant Troy
                                                 500 W. Big Beaver Road
                                                 Troy, MI 48084
                                                 (248) 524-3320
                                                 J.Dufrane@troymi.gov

## Certificate of Service

I hereby certify that on December 22, 2021, I electronically filed an Answer, Affirmative Defenses, and Reliance on Jury Demand on behalf of Defendant City of Troy using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated: December 22, 2021

s/Julie Quinlan Dufrane (P59000)
City of Troy – City Attorney's Office
Attorney for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov