UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GILLMAN, as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

                Plaintiff's,

-vs-

CITY OF TROY and JULIE GREEN-
HERNANDEZ,

                Defendants.

_____ /

CA: 21-12762

HON: MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN

**DEFENDANT JULIE GREEN-
HERNANDEZ' ANSWER TO
PLAINTIFF'S COMPLAINT**

JOHNSON LAW, PLC
Ven R. Johnson (P39219)
Jeffrey T. Stewart (P24138)
David S. Shiener (P78608)
Attorneys for Plaintiff
535 Griswold, Ste. 2632
Detroit, MI 48226
(313) 324-8300
dshiener@venjohnsonlaw.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
BY: Margaret T. Debler (P43905)
Holly S. Battersby (P72023)
Michael T. Berger (P77143)
Attorneys for Defendant Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
hbattersby@rsjalaw.com
mberger@rsjalaw.com

_____ /

## <u>DEFENDANT JULIE GREEN-HERNANDEZ' ANSWER</u><br><u>TO PLAINTIFF'S COMPLAINT</u>

NOW COMES Defendant, **JULIE GREEN-HERNANDEZ**, by and through her attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and for her answer to Plaintiff Complaint, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     In answer to paragraph 1, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

2.     In answer to paragraph 2, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

3.     In answer to paragraph 3, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

4.     In answer to paragraph 4, this Defendant admits the allegations contained therein.

5.     In answer to paragraph 5, this Defendant admits the allegations contained therein.

6.      In answer to paragraph 6, this Defendant does not contest the allegations contained therein.

7.      In answer to paragraph 7, this Defendant does not contest the allegations contained therein.

## COMMON ALLEGATIONS

8.      In answer to paragraph 8, this Defendant realleges and incorporates by reference each paragraph set forth above as if fully set forth herein.

9.      In answer to paragraph 9, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

10.     In answer to paragraph 10, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

11.     In answer to paragraph 11, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

12.     In answer to paragraph 12, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

13.     In answer to paragraph 13, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

14.     In answer to paragraph 14, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

15.      In answer to paragraph 15, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

16.     In answer to paragraph 16, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth; moreover, these allegations do not pertain to this Defendant.

17.     In answer to paragraph 17, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth, and leaves Plaintiff to his proofs as to the dates on which and number of times that Megan Miller is alleged to have vomited.

18.     In answer to paragraph 18, this Defendant admits that she went to Megan Miller's cell and had a conversation with her while she collected a food container and other items discarded by Ms. Miller, but neither admits nor denies the

allegations contained therein related to the time at which she arrived at the cell and spoke with Ms. Miller for lack of information or knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs.

19.     In answer to paragraph 19, this Defendant admits that she returned to Megan Miller's cell and placed the paper towel that she had requested on the access shelf, neither admits nor denies the allegations contained therein related to the time at which she returned to the cell for lack of information or knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs, but denies that she recalls seeing Ms. Miller vomiting.

20.     In answer to paragraph 20, this Defendant denies the allegations contained therein for the reason that they mischaracterize Ms. Miller's medical condition at the time(s) at which this Defendant interacted with her, misrepresent this Defendant's response, and are otherwise untrue.

21.     In answer to paragraph 21, this Defendant denies the allegations contained therein for the reason that they mischaracterize Ms. Miller's medical condition at the time(s) at which this Defendant interacted with her, misrepresent Ms. Miller's condition as a "medical risk", mischaracterize "Troy policies and procedures", and because they are otherwise untrue.

22.     In answer to paragraph 22, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

Case 2:21-cv-12762-MAG-KGA   ECF No. 12, PageID.62   Filed 01/14/22   Page 6 of 19

23.     In answer to paragraph 23, this Defendant admits that she returned to Megan Miller's cell, gave her some food and a bottle of juice, but neither admits nor denies the allegations contained therein related to the time at which she returned to the cell for lack of information or knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs.

24.     In answer to paragraph 24, this Defendant neither admits nor denies that she did not physically return to Ms. Miller's cell for more than two hours for lack of information or knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs, but denies the remaining allegations contained therein for the reason that they are untrue.

25.     In answer to paragraph 25, this Defendant neither admits nor denies that allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs as to the date on which Megan Miller consumed fentanyl and the source from which she received the fentanyl she consumed.

26.     In answer to paragraph 26, this Defendant admits that when she returned to Ms. Miller's cell she saw Ms. Miller laying face up on her bedding and tried to communicate with her but neither admits nor denies the allegations contained therein related to the time at which she returned to the cell for lack of information or

knowledge sufficient to form a belief as to their truth, leaving Plaintiff to his proofs, and she is also without requisite knowledge as whether Ms. Miller was incoherent.

27.    In answer to paragraph 27, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

28.    In answer to paragraph 28, this Defendant denies that allegations contained therein as they mischaracterize her actions and the medical condition of Ms. Miller but admits that when she saw Ms. Miller, and that she did not respond when this Defendant spoke to her, but this Defendant immediately called for assistance so that prompt medical attention could be delivered to Ms. Miller including, but not limited to, the provision of emergency medical services, and thus denies any allegations inconsistent therewith for the reason that those are untrue.

29.    In answer to paragraph 29, this Defendant admits the allegations contained therein.

30.    In answer to paragraph 30, this Defendant admits the allegations contained therein.

31.    In answer to paragraph 31, this Defendant admits that emergency medical personnel arrived, denies that EMS arrived "eventually" as this mischaracterizes the nature and timing of the EMS response, and further denies any intended implication that she is a sworn police officer for the reason that this is untrue.

32.    In answer to paragraph 32, this Defendant admits the allegations contained therein.

33.    In answer to paragraph 33, this Defendant admits the allegations as to the autopsy finding that fentanyl intoxication was a cause of Ms. Miller's death but further states that according to the autopsy report chronic obstructive pulmonary disease also contributed to her death.

34.    In answer to paragraph 34, this Defendant admits the allegations as to Ms. Miller being detained from some time on July 16 to July 19, 2020 when she was transported to the hospital, but neither admits nor denies the remaining allegations contained therein for lack of information or knowledge sufficient to form a belief as to their truth, and therefore leaves Plaintiff to his proofs.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

### COUNT I – DELIBERATE INDIFFERENCE VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTIONAL PURSUANT TO 42 USC 1983 – DEFENDANT GREEN- HERNANDEZ

35.    In answer to paragraph 35, this Defendant realleges and incorporates by reference each paragraph set forth above as if fully set forth herein.

36.    In answer to paragraph 36, this Defendant admits the allegations contained therein.

37.    In answer to paragraph 37, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

38.    In answer to paragraph 38, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

39.    In answer to paragraph 39, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

40.    In answer to paragraph 40, this Defendant denies that allegations contained therein as they fail to specify the policies and/or procedures upon which the allegations in this paragraph are based, making them incapable of being answered accurately, mischaracterize the policies and procedures and also the medical condition of Ms. Miller, and because they are otherwise untrue.

41.    In answer to paragraph 41, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

42.    In answer to paragraph 42, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

43.     In answer to paragraph 43, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

44.     In answer to paragraph 44, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

45.     In answer to paragraph 45, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

46.     In answer to paragraph 46, and its subparagraphs a.– i., this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law, facts, Ms. Miller's physical, mental, and emotional condition, and Plaintiff's damages.

47.     In answer to paragraph 47, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

48.     In answer to paragraph 48, this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law and facts.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT II – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 USC 1983 – DEFENDANT CITY OF TROY

49.    In answer to paragraph 49, this Defendant realleges and incorporates by reference each paragraph set forth above as if fully set forth herein.

50.    In answer to paragraph 50, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

51.    In answer to paragraph 51, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

52.    In answer to paragraph 52, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

53.    In answer to paragraph 53, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

54.    In answer to paragraph 54, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

55.    In answer to paragraph 55, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable policy(ies) and facts.

56.    In answer to paragraph 56, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but states that the allegations mischaracterize the applicable law and facts.

57.    In answer to paragraph 57, and its subparagraphs a.– k., this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law though this Defendant need not respond to the legal conclusions or allegations that do not pertain to her.

58.    In answer to paragraph 58, this Defendant need not respond to the legal conclusions or allegations that do not pertain to her as set forth therein but denies the allegations contained as they mischaracterize the applicable law and facts.

59.    In answer to paragraph 59, and its subparagraphs a.– i., this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law, facts, Ms. Miller's physical, mental, and emotional condition, and Plaintiff's damages.

60.    In answer to paragraph 60, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

61.    In answer to paragraph 61, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT III – GROSS NEGLIGENCE – DEFENDANT GREEN-HERNANDEZ

62.    In answer to paragraph 62, this Defendant realleges and incorporates by reference each paragraph set forth above as if fully set forth herein.

63.    In answer to paragraph 63, this Defendant need not respond to the legal conclusions, states that she fulfilled all duties required by law, and that she did not create or increase the likelihood that Ms. Miller would suffer harm or death.

64.    In answer to paragraph 64, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

65.    In answer to paragraph 65, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

66.    In answer to paragraph 66, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

67.    In answer to paragraph 67, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

68.    In answer to paragraph 68, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

69.    In answer to paragraph 69, this Defendant denies the allegations contained therein for the reason that they are untrue as a matter of fact and law.

70.    In answer to paragraph 70, and its subparagraphs a.– i., this Defendant need not respond to the legal conclusions set forth therein but denies the allegations contained therein as they mischaracterize the applicable law, facts, Ms. Miller's physical, mental, and emotional condition, and Plaintiff's damages.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Margaret T. Debler
Attorney for Defendant Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
(P43905)

DATED:  January 14, 2022

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GILLMAN, as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

                Plaintiffs,

-vs-

CITY OF TROY and JULIE GREEN-
HERNANDEZ,

                Defendants.

_____ /

CA: 21-12762

HON: MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN

**AFFIRMATIVE DEFENSES**

JOHNSON LAW, PLC
Ven R. Johnson (P39219)
Jeffrey T. Stewart (P24138)
David S. Shiener (P78608)
Attorneys for Plaintiff
535 Griswold, Ste. 2632
Detroit, MI  48226
(313) 324-8300
dshiener@venjohnsonlaw.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
BY:  Margaret T. Debler (P43905)
Holly S. Battersby (P72023)
Michael T. Berger (P77143)
Attorneys for Defendant Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
hbattersby@rsjalaw.com
mberger@rsjalaw.com
_____ /

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES Defendant, **JULIE GREEN-HERNANDEZ**, by and through her attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and states that even though there has not been an opportunity to complete discovery or investigation of this matter, for her Affirmative Defenses, Defendant states as follows:

1.     Plaintiff failed to state a claim for "deliberate indifference" against Defendant Green-Hernandez under either the Eighth or Fourteenth Amendment to the United States Constitution.

2.      Plaintiff's Eighth Amendment claim fails as a matter of law as the Eighth Amendment does not apply to pre-trial detainees.

3.     Plaintiff's Fourteenth Amendment claim fails because Defendant Green-Hernandez did not act with deliberate indifference.

4.     Plaintiff's damages were not proximately caused by any alleged "deliberate indifference" of Defendant Green-Hernandez.

5.     Plaintiff's claims under federal law are barred by the application of qualified immunity or other immunity provided by federal law.

6.     Plaintiff's claims under state law are barred by the application of governmental immunity or other immunity provided by state law.

7.     Plaintiff's decedent's injuries, damages, and death resulted from her own actions or inactions.

8.     Plaintiff's decedent's injuries, damages, and death resulted from the conduct persons other than this Defendant.

9.     Defendant Green-Hernandez was not the proximate cause of Plaintiff's decedent's injuries, damages, or death.

10.     Defendant Green-Hernandez' conduct was not so reckless as to demonstrate a substantial lack of concern for whether injury would result to Plaintiff's decedent.

11.     Defendants reserve the right to plead additional affirmative defenses as they become known through discovery.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Margaret T. Debler
Attorney for Defendant Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
(P43905)

DATED:  January 14, 2022

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GILLMAN, as Personal
Representative of the ESTATE OF
MEGAN ANN MILLER, Deceased,

                    Plaintiff's,

-vs-

CITY OF TROY and JULIE GREEN-
HERNANDEZ,
                    Defendants.
_____ /

CA: 21-12762

HON: MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN

**RELIANCE UPON JURY DEMAND**

JOHNSON LAW, PLC
Ven R. Johnson (P39219)
Jeffrey T. Stewart (P24138)
David S. Shiener (P78608)
Attorneys for Plaintiff
535 Griswold, Ste. 2632
Detroit, MI  48226
(313) 324-8300
dshiener@venjohnsonlaw.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
BY:   Margaret T. Debler (P43905)
Holly S. Battersby (P72023)
Michael T. Berger (P77143)
Attorneys for Defendant Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
hbattersby@rsjalaw.com
mberger@rsjalaw.com
_____ /

## RELIANCE UPON JURY DEMAND

NOW COMES Defendant, **JULIE GREEN-HERNANDEZ**, by and through

her attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and

hereby relies upon Plaintiff demand for a trial by jury in the above-entitled cause of

action.

> Respectfully submitted,
>
> ROSATI SCHULTZ JOPPICH
> & AMTSBUECHLER PC
>
> s/Margaret T. Debler
> Attorney for Defendant Hernandez
> 27555 Executive Dr., Ste. 250
> Farmington Hills, MI 48331
> (248) 489-4100
> mdebler@rsjalaw.com
> (P43905)

DATED:  January 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  David S. Shiener; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  On:  [NONE]

> ROSATI SCHULTZ JOPPICH
> & AMTSBUECHLER PC
>
> s/Margaret T. Debler
> Attorney for Defendant Hernandez

2