UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEVEN GILLMAN, as Personal
Representative of the ESTATE OF MEGAN
ANN MILLER, Deceased,

                Plaintiff's,

-vs-

CITY OF TROY and JULIE GREEN-
HERNANDEZ,

                Defendants.
_____/

CA: 21-12762

HON: MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN


| | |
|---|---|
| JOHNSON LAW, PLC<br>Ven R. Johnson (P39219)<br>Ayanna D. Hatchett (P70055)<br>Attorneys for Plaintiff<br>535 Griswold, Ste. 2632<br>Detroit, MI  48226<br>(313) 324-8300<br>vjohnson@venjohnsonlaw.com<br>ahatchett@venjohnsonlaw.com | ROSATI SCHULTZ JOPPICH<br>& AMTSBUECHLER PC<br>BY:  Margaret T. Debler  (P43905)<br>Holly S. Battersby (P72023)<br>Michael T. Berger (P77143)<br>Attorneys for Green-Hernandez<br>27555 Executive Drive, Ste. 250<br>Farmington Hills, MI  48331<br>(248) 489-4100<br>mdebler@rsjalaw.com<br>hbattersby@rsjalaw.com<br>mberger@rsjalaw.com |
| Lori Grigg Bluhm (P46908)<br>Julie Quinlan Dufrane (P59000)<br>Attorneys for City of Troy<br>500 W. Big Beaver Road<br>Troy, MI  48084<br>(248) 524-3320<br>bluhmlg@troymi.gov<br>j.dufrane@troymi.gov | **STIPULATED<br>PROTECTIVE ORDER** |

_____/

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, the parties stipulate and agree to the following regarding disclosure of certain documents and other materials and information concerning the disputed issues in the case before this Court:

NOW THEREFORE, it is HEREBY ORDERED that:

1.	In connection with this Stipulated Order, "Protected Documents" shall mean: all documents and recordings relating to the City of Troy's investigation into the death of Megan Ann Miller which is the subject of the above-named lawsuit. These materials include but are not limited to all policies, procedures, rules, regulations, general orders, training materials, police reports, witness statements, copies of police in-car video and audio recordings, booking area audio/video recordings of the Troy police department, lock-up area audio/video recordings inside the Troy police department, recorded interviews, employee personnel files and/or internal investigations files of the Troy Police Department.

2.	Any document or recording produced by any party to this action for inspection or recording shall be used only of the purposes of litigating this case (*Gillman v City of Troy, et al* Case No. 21-12762) and for no other purpose.

3.      Except as specifically ordered by the Court, Protected Documents may be given, shown, made available to, discussed with, or communicated only to (a) counsel of record, and said counsel's employees to whom it is necessary that the material be disclosed for purposes of this proceeding; (b) such counsel's formally retained third party agents, consultants and independent experts who are employed for the purposes of this proceeding; (c) Plaintiff, Defendants, or employees of Plaintiff, Defendants, or employees of either who are actively assisting in the prosecution or defense of this litigation; and (d) fact witnesses to be called to testify in this action. Documents designated as Protected Documents shall not be disclosed to anyone other than the individuals specified in this paragraph. All such individuals must be shown and sign a copy of this order agreeing thereby to be bound by the terms of this Order.

4.      Nothing in paragraph three (3) shall prevent any party from using the Protected Documents in discovery or in any court proceeding including, but not limited to: (a) discovery depositions, (b) motions, briefs, and pleadings, (c) argument before the Court, or (d) trial or on appeal.

5.      If any Protected Documents are to be filed with the Court, the party submitting such documents shall file the documents under seal. If any papers

filed with the Court contain documents designated as Protected Documents,

such papers shall be marked and treated according to the applicable terms of

this Order.

6.      All documents and copies of documents subject to this Order shall

be returned and surrendered to the producing party within thirty (30) days after

the conclusion of this case, defined as the filing of a stipulated dismissal, or the

entry of voluntary dismissal as to all claims or a final, non-appealable order

disposing of this proceeding.

7.      Any portions of deposition transcripts, including exhibits, that

relate to Protected Documents shall be transcribed separately and shall be

placed under seal and conspicuously marked as subject to a protective order

and kept in accordance with this Order.

8.      All counsel shall be obligated to maintain the confidentiality of

all notes, abstractions or other work product derived from or containing

information contained in Protected Documents and shall not disclose or reveal

the contents of said notes, abstractions, or other work product after

confidential documents and information are returned and surrendered.

9.      This Order shall become effective immediately upon execution by

the Court.

10.      Pursuant to LR 5.3, a party shall not file or otherwise tender to the

Clerk any item proposed for sealing unless the Court has granted the motion or

entered. Therefore, this order does not authorize the filing of any documents or

other matter under seal. Documents or other matter may be sealed only if

authorized by statute, rule, or order of the Court.

11.      A party seeking to file such items under seal shall file and serve a

motion or submit a proposed stipulated order that sets forth: i) the authority for

sealing; ii) an identification and description of each item proposed for sealing; iii)

the reason that sealing each item is necessary; iv) the reason that means other than

sealing are not available or unsatisfactory to preserve the interest advanced by the

movant in support of sealing; v) a memorandum of legal authority supporting

sealing.

     IT IS SO ORDERED.

Dated:  February 16, 2023                     s/Mark A. Goldsmith
      Detroit, Michigan                       MARK A. GOLDSMITH
                                              United States District Judge


          [signatures continue on following page]



3

Approved:

<u>s/Margaret Debler by consent given 11/14/2022</u>
<u>and as revised, consent given 11/17/2022</u>
Attorneys for Defendant Green-Hernandez
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
Margaret T. Debler (P43905)

<u>s/ Julie Quinlan Dufrane</u>
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI  48084
(248) 524-3320
j.dufrane@troymi.gov
(P59000)

<u>/s/      *Ayanna D. Hatchett*, and as revised, consent</u>
<u>given 11/17/2022 for the revisions</u>
AYANNA D. HATCHETT (P70055)
Attorney for Plaintiff
535 Griswold, Ste. 2632
Detroit, MI  48226
(313) 324-8300
ahatchett@venjohnsonlaw.com

3