# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN GILLMAN, as Personal
Representative for the ESTATE OF
MEGAN ANN MILLER (deceased),

        Plaintiff,

CITY OF TROY and
JULIE GREEN-HERNANDEZ,

        Defendants.

Case No. 21-cv-12762
HON. MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN

---

| | |
|---|---|
| AYANNA D. HATCHETT (P70055)<br>THOMAS W. WAUN (P34224)<br>VEN R. JOHNSON (P39219)<br>VEN JOHNSON LAW, PLC<br>Attorneys for Plaintiff<br>535 Griswold Street, Suite 2600<br>Detroit, MI 48226<br>(313) 324.8300<br>ahatchett@venjohnsonlaw.com<br>twaun@venjohnsonlaw.com<br>vjohnson@venjohnsonlaw.com | LORI GRIGG BLUHM(P46908)<br>JULIE QUINLAN DUFRANE (P59000)<br>Attorneys for the City of Troy<br>500 W. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 524.3320<br>j.dufraine@troymi.com<br><br>MARGARET T. DEBLER (P43905)<br>HOLLY S. BATTERSBY (P72023)<br>MICHAEL T. BERGER (P77143)<br>Attorneys for Defendant Hernandez<br>27555 Executive Drive, # 250<br>Farmington Hills, MI 48331<br>(248) 489.4100<br>mdebler@rsjlaw.com<br>hbattersby@rsjlaw.com<br>mberger@rsjlaw.com |

**MOTION TO APPROVE SETTLEMENT, AUTHORIZE DISTRIBUTION OF SETTLEMENT PROCEEDS & AMEND THE CASE CAPTION**

1

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence. E.D. Mich. LR 7.1(a).

**NOW COMES** Plaintiff, DARREN FINDLING as the Personal Representative for the Estate of MEGAN ANN MILLER, deceased, through her counsel, VEN JOHNSON LAW, PLC., and pursuant to MCL 600.2922, presents this *Motion to Approve Settlement, Authorize the Distribution of Settlement Proceed, and Amend the Case Caption*. For all the reasons stated in the supporting brief, the movant respectfully requests that this Honorable Court grant this motion and enter the order attached as *Exhibit 3*.

                                                  Respectfully submitted,

                                                  **VEN JOHNSON LAW, PLC**

By:   */s/Ayanna D. Hatchett*
        AYANNA D. HATCHETT (P70055)
        THOMAS W. WAUN (P34224)
        Attorneys for Plaintiff Estate
        535 Griswold St, Suite 2632
        Detroit, MI  48226
        (313) 324.8300
        ahatchett@venjohnsonlaw.com

Dated:  July 21, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN GILLMAN, as Personal
Representative for the ESTATE OF
MEGAN ANN MILLER (deceased),

   Plaintiff,

CITY OF TROY and
JULIE GREEN-HERNANDEZ,

   Defendants.

Case No. 21-cv-12762
HON. MARK A. GOLDSMITH
MAG. KIMBERLY G. ALTMAN

| | |
|---|---|
| AYANNA D. HATCHETT (P70055)<br>THOMAS W. WAUN (P34224)<br>VEN R. JOHNSON (P39219)<br>VEN JOHNSON LAW, PLC<br>Attorneys for Plaintiff<br>535 Griswold Street, Suite 2600<br>Detroit, MI 48226<br>(313) 324.8300<br>ahatchett@venjohnsonlaw.com<br>twaun@venjohnsonlaw.com<br>vjohnson@venjohnsonlaw.com | LORI GRIGG BLUHM(P46908)<br>JULIE QUINLAN DUFRANE (P59000)<br>Attorneys for the City of Troy<br>500 W. Big Beaver Rd.<br>Troy, MI  48083<br>(248) 524.3320<br>j.dufraine@troymi.com<br><br>MARGARET T. DEBLER (P43905)<br>HOLLY S. BATTERSBY (P72023)<br>MICHAEL T. BERGER (P77143)<br>Attorneys for Defendant Hernandez<br>27555 Executive Drive, # 250<br>Farmington Hills, MI 48331<br>(248) 489.4100<br>mdebler@rsjlaw.com<br>hbattersby@rsjlaw.com<br>mberger@rsjlaw.com |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT & DISTRIBUTION OF SETTLEMENT PROCEEDS & AMEND THE CASE CAPTION**

Plaintiffs initiated this action against the above-captioned defendants, to recover damages resulting from their alleged constitutional violations. Megan Ann Miller ("*Megan*") tragically died from fentanyl intoxication on July 19, 2020 while she was being held in lock up by the City of Troy. (*Exhibit 1*, Death Certificate). Defendant Julie Green-Hernandez, a Police Service Aide (PSA) for the City of Troy, was one of the PSAs assigned to supervise the inmates in lock up on July 19th and who eventually found Megan unconscious.

Megan's estate asserted claims of deliberate indifference and gross negligence against Green-Hernandez together with municipal liability against the City of Troy were alleged when this action was filed on November 29, 2021 under 42 U.S.C. § 1983. Moreover, the estate alleged that while in the defendants' custody, Megan was denied critical medical treatment despite showing overt signs of opioid intoxication which included throwing up multiple times in her cell over the course of the 12-to-18-hour period leading up to when she was found unresponsive.

From the time this matter was filed and served in 2021 forward, the parties engaged in extensive discovery which was followed by an equally extensive motion and appellate practice up through the Sixth Circuit Court of Appeals and back.  The trial court granted the City of Troy's summary judgment motion and dismissed the

estate's municipal liability claim but denied Green-Hernandez qualified immunity when it denied her separate motion for summary judgment.

The Sixth Circuit dismissed the gross negligence count against Green-Hernandez and dismissed her appeal of the trial court's qualified immunity decision for lack of jurisdiction. Though the estate hadn't waived the right to appeal the trial court's dismissal of the *Monell* claim, trial had been set to proceed on the remaining question of Green-Hernandez's deliberate indifference on August 6, 2025.

This Court permitted the parties an opportunity to facilitate before trial with Attorney Robert Riley on June 19, 2025. Considering the complex nature of the legal and factual issues concerned and the additional time and costs that come with trial and its preparation amongst other things, the parties agreed to a full and final settlement of all claims arising from Megan's death against the City of Troy and Green Hernandez in the amount of $450,000.00

Megan's husband- Steven Gillman- was initially appointed as the Personal Representative of her estate (as well as the Personal Representative for the estate of their daughter, Elle Gillman, who predeceased Megan) on November 10, 2020. When Steven recently resigned as the Personal Representative, the Probate Court in Oakland County granted Attorney Darren Findling's Application for Appointment of Successor Personal Representative on June 20, 2025. (*Exhibit 2,* Letters of

5

Authority). The case caption in this matter must be changed to reflect Darren Findling's appointment as the Personal Representative for the estate. The proposed order attached as *Exhibit 3* accordingly identifies Darren Findling as the estate's Personal Representative. The claimants identified below, pursuant to MCL 600.2922(3), are all competent adults:

    a. Savannah Miller, Decedent's adult child

    b. Steven Gillman, Decedent's spouse (incarcerated)

    c. Lindsay Dolson, Decedent's adult sister

    d. Sandy Marecki, Decedent's adult sister

The Notice of Hearing together with a copy of this motion, will be properly served on all four of the claimants identified above in Paragraph 14. With the distribution being subject to this Court's approval, the parties have agreed to the terms of the Release that has been signed by the Personal Representative.

The estate respectfully requests that this Honorable Court approve the settlement and authorize the distribution of the settlement proceeds as given below and, in the proposed order attached as *Exhibit 3*:

    a. In accordance with the Contract for Legal Representation entered between counsel and the Plaintiff's estate, the $38,035.37 expended

    in costs to pursue this matter plus the one-third attorney fee of $137,321.54 is payable to *Ven Johnson Law, PLC;*

  b. $ 5,045.97 is payable to *The Probate Pro* for all matters related to the establishment and maintenance of the deceased estate for Megan Miller from October of 2020 through to the present;

  c. $4,231.00 is payable to *The Probate Pro* for all matters related to the establishment and maintenance of the deceased estate for Elle Gillman from October of 2020 through.

  d. After the deduction of the above costs and fees, the *net proceeds* will be divided amongst the three claimants as stated below:

      i. 50% to Savannah Miller (Decedent's adult daughter) for her loss of society and companionship;

      ii. 25% to Lindsay Dolson (Decedent's adult sister) for her loss of society and companionship; and

      iii. 25% Sandy Marecki (Decedent's adult sister) for her loss of society and companionship

Considering the limited settlement relative to the number of claims, there will be no allocation to the estate for conscious pain and suffering. The estate reserves the right to amend the proposed distribution by stipulation and order upon the receipt of new information and/or costs.

7

WHEREFORE, for all the reasons stated, the estate respectfully requests that this Honorable Court grant this motion in its entirety and enter the order as attached in *Exhibit 3*.

    Respectfully submitted,

**VEN JOHNSON LAW, PLC**

By:   */s/Ayanna D. Hatchett*
AYANNA D. HATCHETT (P70055)
THOMAS W. WAUN (P34224)
Attorneys for Plaintiff Estate
535 Griswold St, Suite 2632
Detroit, MI 48226
(313) 324.8300
ahatchett@venjohnsonlaw.com

Dated: July 21, 2025

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the Court ECF system which will send notification of such filing to all counsel of record the following:

*/s/ LIZA DODSON*
**LIZA DODSON**